**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**FEBRUARY 1998 SESSION**



FILED

**April 22, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | |
| | **)** | **C.C.A. NO. 02C01-9702-CR-00066** |
| Appellee, | **)** | |
| | **)** | **SHELBY COUNTY** |
| VS. | **)** | |
| | **)** | **HON. JOHN P. COLTON, JR.** |
| **ROCKIE SMITH,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Assault) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**ALAN BRYANT CHAMBERS**              **JOHN KNOX WALKUP**
    **-and-**                           Attorney General & Reporter
**HANDEL R. DURHAM, JR.**
200 Jefferson Ave., Suite 750         **GEORGIA BLYTHE FELNER**
Memphis, TN  38103                    Counsel for the State
                                      425 Fifth Ave., North
                                      Cordell Hull Bldg., Second Floor
                                      Nashville, TN  37243-0493

                                      **JOHN W. PIEROTTI**
                                      District Attorney General

                                      **LORRAINE CRAIG**
                                      Asst. District Attorney General
                                      201 Poplar, Suite 301
                                      Memphis, TN  38103

OPINION FILED:_____

**AFFIRMED - RULE 20**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted in May 1995 on two counts of aggravated assault. A jury found him guilty of one count of simple assault. The trial judge sentenced him to eleven months, twenty-nine days in the county workhouse, but then suspended that sentence and placed the defendant on probation. In this appeal as of right, the defendant argues that the evidence presented at trial was not sufficient to support a conviction for simple assault. After a review of the record and applicable law, we find the evidence entirely sufficient and affirm the conviction pursuant to Rule 20 of the Court of Criminal Appeals.

The defendant's conviction stemmed from an incident in which he argued with his boss, Mark Bintz, at the Piggly Wiggly where he was employed in the meat department. Bintz testified that the defendant struck him twice in the face requiring him to seek medical attention and obtain stitches. The defendant, in turn, testified that Bintz had threatened him with a trash can and a box cutter, and the defendant had hit Bintz in self-defense.

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

2

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

This case simply hinged upon who the jury believed. That the jury chose not to believe the defendant's story of self-defense is certainly within the jury's province to do. It is the function of the jury to weigh the testimony of the witnesses and render a verdict accordingly. This verdict is fully supported by the evidence, thus, we find no reason to disturb the jury's finding of guilt. We affirm the judgment of the court below pursuant to Rule 20.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
JOSEPH B. JONES, Judge


_____
THOMAS T. WOODALL, Judge